[Civ. No. 3756.   First Appellate District, Division Two.—December 27,
1920.]

CHARLES JACKSON, Petitioner, v. THE INDUSTRIAL
ACCIDENT COMMISSION et al., Respondents.

[1] WORKMEN'S COMPENSATION ACT—DISABILITY OF PETITIONER—EF-
FECT OF AGE AND SYSTEMIC CONDITION — FINDINGS OF COMMIS-
SION—ABSENCE OF CONFLICT.—A finding by the Industrial Accident
Commission that the permanent disability resulting to a petitioner
from the loss of one of his toes is nineteen and three-fourths per
cent of a total disability as defined by the Workmen's Compensa-
tion Act, and that any further disability suffered by petitioner is
due to his age and systemic condition, is not in conflict with a prior
finding of the commission, made at the time temporary disability
compensation was allowed, to the effect that the age of petitioner,
coupled with his systemic condition prior to the injury for which
compensation was sought, greatly retarded a normal recovery for
said injury, "but that the disability resulting, combined with the
said previous physical condition, was the legitimate and proximate
result of the injury, and is compensable as such."

[2] ID.—DISABILITIES DUE TO GENERAL PHYSICAL CONDITION—RIGHT TO
COMPENSATION.—Disabilities of said petitioner, due to his general
physical condition and not directly traceable to the loss of his toe,
are not compensable under the Workmen's Compensation Act.

APPLICATION for a Writ of Certiorari to review an
order of the Industrial Accident Commission discharging an
insurance carrier from further payments.   Writ denied.

The facts are stated in the opinion of the court.

---

1. Effect of pre-existing disease on extent of recovery under
Workmen's Compensation Act, notes, L. R. A. 1917D, 110, 129.

Geo. D. Collins, Jr., for Petitioner.

A. E. Graupner for Respondents.

LANGDON, P. J.—The petition for a writ of *certiorari* is denied. It appears that the order releasing and discharging the insurance carrier from further payments to petitioner, which is sought to be reviewed here, was made upon a finding that the injury forming the basis of this proceeding had resulted in a permanent disability, consisting of the loss of the fourth toe of the right foot at the proximal joint, with a chronic discharging sinus; that the disability, in view of the age and occupation of petitioner, is nineteen and three-fourths per cent of total disability, and that the insurance carrier has paid to applicant as indemnity under a previous temporary disability order of the commission a sum in excess of the total sum due as compensation for a permanent disability of nineteen and three-fourths per cent of total disability.

It also appears that the petitioner himself contends here, and also maintained before the commission, that his disability was permanent. The finding on this point, is, therefore, in conformity with his contention. His position, however, is that he is unable to compete in the open labor market or to earn anything at all, and therefore his disability is total, under the intendment of the Compensation Act (Stats. 1917, p. 831.)

Respondents have stated the evidence to be that petitioner is sixty-six years of age and is suffering from syphilis, hardening of the arteries, and heart disease, all of which necessarily enter to some extent into his inability to compete in the open labor market.

[1] Further objection of petitioner to the order sought to be reviewed is based upon the fact that a prior order of the commission made at the time temporary disability compensation was allowed was based upon a finding "that the applicant is of the age of sixty-six years and upward, and by reason of his advanced age and other systemic condition previous to said injury, was afflicted with hardening of the arteries, which materially interfered with a sufficient blood supply to the injured member, and caused gangrene to set

in and greatly retarded a normal recovery from said injury, but that the disability resulting, combined with the said previous physical condition, was the legitimate and proximate result of the injury, and is compensable as such.'' It is contended that this finding is contradictory of and opposed to the present position of the commission that the disability resulting from the loss of the toe is nineteen and three-fourths per cent of a total disability as defined by the act, and that any further disability suffered by petitioner is due to his age and systematic condition. We do not think there is any conflict in these findings. The commission found that the condition of the toe at the time of the first order, although it was contributed to by the systemic condition of the patient, was, nevertheless, proximately caused by the injury. This condition of the toe has become permanent, and full allowance is made for the loss of the toe, which has been amputated. The commission made no deduction for the result of the systemic disturbances upon the injured member. The original injury was slight, and it is conceded that in a younger and healthier subject it would have healed readily and completely. That the entire toe was lost was a result obviously contributed to by the systemic condition of the patient, and no deduction has been made on this account by the commission, but full compensation has been allowed for the total loss of a toe, although the condition making the amputation necessary was indisputably contributed to by pre-existing systemic ailments.

[2] However, any disabilities of petitioner, due to his general physical condition, and not directly traceable to the loss of this toe, are clearly not compensable under the Compensation Act.

It is stated in the answer of the respondent that the percentage of disability was arrived at by the commission by the use of a table adopted by respondent under the provisions of section 9, subdivision 11, of the Workmen's Compensation, Insurance and Safety Act of 1917. Under this method of computation, it appears that a much larger percentage of disability was allowed for the loss of the toe than would have been warranted had there been no other matters taken into consideration except the amputation of the toe. It is fair to assume, therefore, that the larger percentage allowed was due to the evidence relied upon by petitioner indicating

that the surgical wound due to the operation has not entirely healed and that the muscles of the foot have become stiffened as an indirect result of the injury and amputation.

Under the statement of the evidence contained in the petition and the answer of respondents, we are of the opinion that the Industrial Accident Commission has acted within the powers conferred upon it.

The petition for a writ of *certiorari* is denied.

Brittain, J., and Nourse, J., concurred.

'A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 24, 1921.

All the Justices concurred.